**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3139

_____

ANTONIO DIAZ-RAMOZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A202-029-942)
Immigration Judge: Steven A. Morley

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 29, 2021

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*

(Filed: December 17, 2021)

_____

**OPINION**[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Petitioner Antonio Diaz-Ramoz, a Honduran national, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum and for withholding of removal. For the reasons set forth below, we will deny the petition.

## I.     DISCUSSION[1]

As relevant to our decision today, Petitioner argues that the BIA erred in concluding that he failed to establish a likelihood of persecution on account of his membership in either of his two proposed particular social groups ("PSGs"), as required to qualify for asylum or withholding of removal.[2] *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Jian Zhau Zheng v. Att'y Gen.*, 549 F.3d 260, 266 (3d Cir. 2008). To satisfy the "on account of" or nexus requirement, "the applicant bears the burden of proving that one central reason for the persecution was a protected characteristic." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015). He must show, in

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252. Where, as here, "the BIA adopted and affirmed the IJ's decisions and orders as well as [conducted] an independent analysis, we review both the IJ's and the BIA's decisions and orders," *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016), and look to the IJ's opinion "only where the BIA has substantially relied on that opinion," *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009). We review legal conclusions *de novo*, *Doe v. Att'y Gen.*, 956 F.3d 135, 141 (3d Cir. 2020), and defer to factual findings "if they are supported by reasonable, substantial, and probative evidence in the record considered as a whole," *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018) (citation omitted).

[2] As we affirm the BIA on this ground, we have no occasion to address Petitioner's other arguments, which concern IJ's adverse credibility finding and the BIA's determination that one of his PSGs lacked social distinction.

other words, that membership in a PSG was "an essential or principal reason for the persecution," *id.*, and not simply an "'incidental, tangential, or superficial' reason," *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 130 (3d Cir. 2009) (quoting *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007)).

The BIA did not err in concluding that Petitioner failed to meet that burden here. The PSGs to which Petitioner sought to establish a nexus were "young men in Honduras who are devout in their religion and whose family members have been killed[,] and who have fled criminal organizations," Pet'r's Br. 18–19, and members of his family, including his uncle, who was murdered by gang members.

As to his first proposed PSG, Petitioner presented no evidence that he was targeted by the Mara 18 gang or any other gangs "on account of" of his faith. While Petitioner testified that he was harassed when walking to and from church, he also acknowledged that harassment occurred on his way to and from work and other locations. And Petitioner himself explained that the reason he was harassed was that gangs "want to . . . increase their numbers. They want . . . a bigger and bigger base so that they can kill more people." A.R. 173.

Nor did Petitioner establish a nexus between his fear of harm and his familial ties. The record does not indicate Petitioner's uncle was targeted because he was a member of Petitioner's family or that other family members were targeted in the wake of his murder. To the contrary, Petitioner testified that other family members, though sometimes pressed to join gangs, have continued to live in Honduras without harm, and that his uncle was murdered because "he used to just turn his back on the [gangs], and they had forever

3

[been] trying to get him to be a member, and he would just make fun of them, and so that's why." A.R. 161.

In sum, even accepting Petitioner's subjective fear of harm if removed to Honduras, he did not make the requisite showing that this fear is "on account of" his PSGs, so we cannot say that "the evidence compels a different result" than that reached by the BIA. *Kang v. Att'y Gen.*, 611 F.3d 157, 164 (3d Cir. 2010) (quotation omitted).

## II.  CONCLUSION

For the foregoing reasons, we will deny Petitioner's petition for review.

4